By the Court. Duer, Oh. J.
There are two objections to the recovery of the plaintiff in this case, to which no satisfactory answer has been, nor, as seems to us, can be given. If the first objection is well founded, no action whatever is maintainable upon the answer; if the second, the action, if maintainable at all, is not so upon the pleadings, as they now stand.
The first objection denies entirely the validity of the award, upon the ground, that it was made after the expiration of the time limited by the agreement of the parties; and, if the allegation is sustained by the proof, it is needless to cite authorities to show that the objection is fatal. The award is a nullity, if the powers of the arbitrators had ceased when it was made.
By the terms of the original submission, the award was to be made on or before the first day of January, 1848; but this time, by successive and valid extensions, was enlarged to the first Monday of June, 1850, and, on the first day of June, in that year, the parties, under their hands and seals, made the following agreeement:—
“ The time for the parties to close their arguments on the arbitration, under the annexed bond, is hereby extended to the 12th day of June inst., and the time for the arbitrators to make and deliver their award, on the said bond, is hereby extended to the first Monday of July next.”
At a meeting of the arbitrators, on the 7th of June, the parties agreed, in the presence of the arbitrators, that both parties should close their arguments on the 14th of that month; and it is not denied, that the agreement which I have read must be construed in the same manner as if this last day had been originally inserted therein. On the 14th of June, the counsel for the defendant attended, and summed up the case on his behalf; but no counsel attended on behalf of Allen, the other party to the submission. The arbitrators, however, at his request, adjourned to the 19th June, for the purpose of hearing his counsel on that day, and they granted the adjournment, not only without the consent, but against the wishes and remonstances of the defendant. They, accordingly, met again on the 19th, when the counsel for Allen attended, and, against the continued remonstrances of the defendant, was fully heard on behalf of his client, and closed the arguments. Such are the facts, as distinctly proved by one of the ar *121 bitrators, and nncontradicted by any other testimony; and that they amount to a direct and absolute breach of the agreement of the 1st of June, it is impossible to deny.
The question, therefore, is, whether, by this breach, the consent, which the defendant then gave to an extension of the time for making the award, was not. rendered inoperative and void; for, if so, an authority, which existed only by his consent, was of necessity terminated. If the arbitrators, by disregarding the terms of this agreement, annulled his consent, they, by the same act, however unintentionally, annulled their own powers.
The arbitrators had no authority to act at all after the first of June, except that which they derived from the written agreement of the parties on that day; but, to determine the extent of their authority, that agreement, it is evident, must be construed as a whole, and we have, assuredly, no right to reject any part of it to which a reaspnable and consistent interpretation can be given.
Unless, however, the clause that fixed the day for closing the arguments may be stricken out entirely, as superfluous or unmeaning, we are bound to give it a construction that shall render it effectual, and we apprehend that it can only be made so by the construction that I shall state, and that, as a Court, we shall adopt.
When the defendant agreed, that the time for making the award should be extended to the first Monday of July, he had a perfect right to annex such terms and conditions to his consent as he might deem expedient. He had a right to say, that he agreed to the extension only upon the condition, that the arguments should be closed on the appointed day; and if such is the true construction and import of his agreement, we cannot doubt that the arbitrators, in violating this condition, exceeded their powers, and, by so doing, rendered void their subsequent acts. We think that such was. not only the true, but necessary import of this agreement; and we think so, for the conclusive reason, that it is only by this construction that the clause limiting the time for closing the arguments could be rendered operative at all. It created no obligation, either on the parties or on the arbitrators, if either party, contrary to the wishes of the other, but with the consent and aid of the arbitrators, could violate it with impunity; and it was violated with impunity, unless the effect of its breach, was to vitiate and annul the award that followed. The clause *122 had no operation at all, unless it created a restriction on the powers of the arbitrators, which the law bound them, to observe.
It was, indeed, strenuously contended, by the counsel for the plaintiff, that the agreement of the parties that the arguments should be closed on a particular day, was not binding upon the arbitrators at all, and that it rested wholly in their discretion to hear the counsel of the parties at any time within the period limited for making the award. Indeed, the learned counsel went still further, and insisted that, after the counsel for the defendant had been heard, the refusal of the arbitrators to hear the counsel for Allen on a subsequent day would have been, not merely an abuse of discretion, but a plain violation of duty. That so far from being controlled in the exercise of their powers by the agreement of the 1st of June—explicit and unambiguous as its terms certainly were—they would have been guilty of error and injustice, had they failed to overrule and disregard it. These assertions of the counsel struck us as somewhat novel when they were advanced, nor have we since been able to discover that they have any support from reason or authority. On the contrary, we are satisfied, that, unless we mean to overturn the whole law of arbitration, as it has hitherto been understood, we must hold them to be groundless.
Where a controversy is submitted to the decision of arbitrators, the parties have an undoubted right to restrict the exercise of the powers which they create and intrust, within any limits they may choose to impose, and to prescribe any rules for the government of the arbitrators, in the discharge of their duties, that they may deem it wise to adopt. They have exactly the same right to limit the period within which evidence shall be received or counsel be heard, as to limit the period for making an award; and, as we understand the law, every restriction so imposed, and every rule so prescribed, is, in its nature, a condition, and operates as a limitation of the authority of the arbitrators, which, if they disregard or exceed, puts an end to their powers, and renders void their subsequent proceedings.
Whether such a limitation be imposed by the original submission, or by a subsequent agreement, extending the time for making an award, we hold to be quite immaterial. In both cases, the agreement of the parties is equally the source of the authority of *123 the arbitrators, and in both, the terms of the agreement equally define the limits of that authority, and prescribe the mode of its exercise. But for the agreement of submission, the arbitrators could not have acted at all; but for the agreement of extension, they could not have continued to act.
The rules that I have now stated belong to that settled and familiar law, that is to be found in every treatise or text-book on the subject of arbitrations, and it would, therefore, be a waste of time to exemplify them by a reference to adjudged cases. I shall content myself by referring to a single case, which I select from the close analogy that it bears to the present. In the case of Walker v. Frobisher, (6 Vesey, 70,) evidence was received by a sole arbitrator, after a notice in which the parties had acquiesced, and had thereby agreed to be binding, that no more would be received, and, for this excess of his authority, his award was set aside; and in the well-known case of Van Cortlandt v. Underhill, (19 John. R. 411,) Ch. J. Spencer, in delivering the judgment of the Court of Errors, cites the decision with marked approbation.
It seems to us that this was a much stronger case for sustaining an award, if an excess of authority could be overlooked, than that which is before us. The agreement of the parties was neither as solemn in its form, nor as explicit in its terms, and the hazard of injustice, from the exclusion of evidence, was far greater than any that could have resulted from a refusal to hear the arguments of counsel.
It is said, that the defendant was not, and could not have been injured by the consent of the arbitrators to hear the counsel of the adverse party, and that the mistake, if mistake there was, ought, therefore, to be passed over as immaterial; but this is an argument to which, we are satisfied, we have no right to listen. .The agreement for closing the arguments of counsel, was regarded by the defendant as material; and he insisted, that the arbitrators, therefore, violated a restriction which they were bound to observe. And these, alone, are the facts that we are at liberty to consider. Into the materiality of the restriction, and the sufficiency of the reasons that led the parties to impose it, we cannot inquire. The expression of their will was the law that the arbitrators were bound to follow.
In the case of Walker v. Frobisher, to which I have before re *124 ferred, the arbitrator swore, that the evidence which he improperly received was immaterial, and had no influence upon his decision, and, consequently, that its reception worked no prejudice to the party against whom it was taken ; but the brief reply of Lord Eldon was, that, although the award might be perfectly just, upon principle, it could not be supported. We make, in substance, the same reply. The arguments, which the arbitrators improperly consented to hear, may have had no influence upon their, decision, and the award they made, as between the parties, may have been perfectly just, but they had no right to listen to the argument, and, upon principle, the award cannot stand.
As I have already said, the material facts, showing an excess of authority on the part of the arbitrators, was proved by one of their number, and it was objected, upon the trial, that he was an incompetent witness. The objection was renewed upon the argument before us, and several cases were cited in its support, but we think that the cases were inapplicable, and the objection untenable. It may be true, that before the Code—and we will not say, that such is not still the law—an arbitrator was an incompetent witness to prove the misconduct of himself or his associates : he was not permitted to impeach an award, by proving facts that occurred in the intercourse of the arbitrators with each other, or in their secret deliberations; but we are not aware, and cannot believe that it has ever been held or supposed, that an arbitrator might not be admitted to testify to facts that occurred upon a .public hearing, and in the presence of the parties, and to the decisions that were then openly made by himself and his associates ; and it appears to us, that to exclude his testimony in relation to such facts, would be quite as unreasonable as to hold that a Judge may not sign a bill of exceptions containing the proceedings and his own decisions upon a trial.
In the case of Van Cortlandt v. Underhill, which is one of those that were cited, all the arbitrators appear to have been examined as witnesses, and apparently without objection; and in Newland v. Douglas, (2 John. R. 62,) another of those cases, the ground of the decision was, not that the witness was incompetent, but that, in a court of law, the proof offered was inadmissible.
The second objection to the recovery of the plaintiff is, that the complaint does not contain facts sufficient to constitute a cause *125 of action. An objection, which the Code declares is not waived, though not taken by demurrer or answer, (Code, §§ 144, 148,) and, therefore, as we construe the provision, may be taken upon an appeal to the General Term, even when it appears that it was not taken upon the trial.
The award, upon which the action is founded, concludes with an order, that upon the payment by the defendant to Allen of the sum of $9402.25/100 the parties shall execute and deliver, each to the other, a general release of all debts, demands, etc., etc., from the beginning of the world to the 26th of October, 1849, the date of the submission. The complaint, however, contains no averment, that, when Allen demanded from the defendant the payment of the sum awarded, he delivered and tendeted to him a general release in the form prescribed, or any release whatever. The only averment is, that Allen has executed such a release, which is ready to be delivered, when the sum awarded shall be paid; and such an averment, when a. delivery or tender before the commencement of an action is necessary, is plainly insufficient. In our opinion, an averment in the complaint of an actual delivery or tender, or offer to deliver, before the commencement of' a suit, of a general release, was material and necessary, for the conclusive reason, that until such delivery or tender, no action upon the award could be rightfully commenced, or legally maintained.
In relation to contracts, there seems to be no exception from the rule, that when concurrent acts are to be performed by the parties, their promises or covenants for such performance must be construed as conditional and dependent, so that neither can maim tain an action against the other for an alleged breach, without averring and proving an actual performance, or tender of performance, on his own part, before the commencement of the suit, and the rule applies, even where the performance of a stipulated act by one of the parties, such as a payment of a sum of money, is stated in terms to be a condition precedent to a performance by the other, as when a deed is covenanted to be delivered upon the payment of a certain sum, as its consideration. The tender of a deed is just as necessary to be averred and proved, when an action is brought for the recovery of the price, as the tender of the money when the action is brought to compel a delivery of the deed. In short, the rule is applicable in all cases, where the acts *126 are to be performed at the same time, no matter which is stated to be first in the order of performance.
The leading cases, on this branch of the law, are all collected and reviewed in the elaborate judgment delivered by Mr. J. Edwards, in the case of Lester v. Jewett, in the Court of Appeals, (1 Kernan, 453,) and it is needless to refer to any other authority, as evidence that the rules now established are such as I have stated.
In our opinion, the doctrine, thus established, is just as applicable to concurrent acts directed to be performed by an award, as to similar acts agreed to be performed by a contract; it is just as applicable to the delivery of a release, upon the payment of the sum awarded, as to the delivery of a deed, upon the payment of the consideration-money. The true and sole ground of the rule, in its application to contracts, is the probable intention of the parties, and its ground, in its application to an award, is the similar intention of the arbitrators. An intention by which the parties have agreed to be bound.
It is true, that, before the Code, a plaintiff, in declaring upon an award, was only bound to state those parts of it that were in his own favor, and, by a singular exception from the general rules of pleading, was not bound to aver the performance of a condition precedent. (2 Wm. Saunders, 62, note 5,) McKinstry v. Solomons (2 John R. 62). But the Code has abolished an exception, which, even under the old system, was anomalous. A plaintiff, as we have frequently decided, is now bound to aver, in his complaint, every fact that he is bound to prove upon the trial, as part of his own case, and in order to maintain his action; and we have so held, and must continue to hold, that the facts, thus necessary to be proved, are those that, in judgment of law, constitute his cause of action. Garvey v. Fowler, (4 Sandf. S. C. R. 667;) Mann v. Morewood, (5 Sandf. S. C. R. 567 ;) Catlin v. Gunter (1 Duer, 266).
Had it been proved on the trial, without objection, that a proper release was, in fact, tendered before the commencement of the action, the want, in the complaint, of an averment of the tender, might have been disregarded, or supplied by an amendment; but as no such proof was then given, and the objection has now been properly raised by the defendant, we cannot overrule it. On the' contrary, as we deem it to be unanswerable, we must give effect to it, by rendering the same judgment that must have been given *127 had- the same objection been raised by a demurrer. We must thus dismiss the complaint, with costs.
Judgment accordingly.