improperly applied the money or other assets in his hands, or invested money in securities unauthorized by law, or otherwise improvidently managed or injured the property committed to his charge; or by reason of other misconduct in the execution of his office, or dishonesty, drunkenness, improvidence, or want of understanding; he is unfit for the due execution of his office." By section 2817 the surrogate is authorized to remove a testamentary trustee where, for the same reasons, it appears that he is unfit for the due execution of his trust. And we think, upon the undisputed facts appearing in this record, this respondent is shown to be unfit for the due execution of his trust, either as executor or trustee, and that the application should have been granted.

The decree appealed from is therefore reversed, and the motion granted, removing the respondent as trustee, and revoking the letters issued to him as executor, with costs of appeal and motion to the appellants. All concur.

---

ANDERSEN v. SCHESINGER.

(Supreme Court, Trial Term, New York County. April 8, 1896.)

ASSAULT AND BATTERY—COMPLAINT—PRINCIPAL AND AGENT.

   A complaint in an action to recover damages for an assault and battery, which alleges that defendant and two of his agents entered the apartments of plaintiff, and that one of the agents assaulted her, but which does not allege that the agent, when he made the assault, was engaged in the defendant's business, or that defendant in any manner participated in or sanctioned the assault, does not state a cause of action.

Action by Louise Andersen against Louis Schesinger. Objection to sufficiency of complaint sustained.

W. S. Lewis, for plaintiff.
Weed, Henry & Meyers, for defendant.

McADAM, J. The complaint alleges that on July 20, 1893, the defendant and two of his agents entered the apartments of the plaintiff, and that one of said agents violently assaulted the plaintiff, striking her on the shoulder, and pushing her backward, whereby she was injured, to her damage $1,000. The presence of the defendant in the apartment does not make him liable, because the facts alleged do not necessarily lead to the implication that he concurred in what was done, or even witnessed it. The plaintiff should therefore have gone a step further, and alleged that the defendant instigated, aided, abetted, or sanctioned the assault; for every fact which a plaintiff must prove to maintain his suit must be distinctly averred. Garvey v. Fowler, 4 Sandf., at page 667; Cole v. Blunt, 2 Bosw., at page 126; Rodi v. Insurance Co., 6 Bosw., at page 24; Stannard v. Eytinge, 5 Rob. (N. Y.), at page 92. To make one person liable for the acts of another, the pleader should show either a relation between them which in law creates the responsibility, or that the person sought to be held became chargeable by reason of participation or some act tantamount to it. In order to hold the

defendant on any other theory, it was necessary for the plaintiff to allege, and, if denied, prove, that the acts were done while engaged in the master's business (Wood, Mast. & Serv. 546); or she might have alleged an assault by the three persons who entered her apartment, for that would have been the legal effect of the wrong, if they were acting in concert. "By the common law, all are principals in an assault and battery, as in other trespasses; and he who counseled, aided, or assisted in any way the commission of a wrong was, in the eye of the law, as much a principal as he who inflicted the blows, and the declaration against him who counseled or aided was consequently the same as against him who actually committed the violence." Bliss, Code Pl. (2d Ed.) § 82. And see Pen. Code, §§ 29, 31. The plaintiff did not adopt any of these courses. She merely alleges that the wrong was committed by another, omitting reference to any fact which would make the defendant responsible for the conduct of such other person. Such a complaint is fatally defective when challenged on demurrer. Under the circumstances, the law will not impute to the defendant an assault and battery upon the plaintiff, which would subject him to criminal prosecution as well as civil liability. Id. §§ 219, 29, 31.

The objection to the complaint, that it does not state facts sufficient to constitute a cause of action, made in the nature of a demurrer at the trial (Code Civ. Proc. § 499), must therefore be sustained, with costs.

---

(25 Civ. Proc. R. 235; 16 Misc. Rep. 151.)

## LAWLOR v. MAGNOLIA METAL CO.

(Supreme Court, Special Term, New York County. February, 1896.)

DISCHARGE OF ATTACHMENT—DEFENDANT'S LIABILITY FOR SHERIFF'S FEES.
    Under Laws 1892, c. 418, relating to sheriff's fees for levying attachment, and Code Civ. Proc. § 709, providing that, where an attachment is discharged on application of defendant, the sheriff must deliver to him, on payment of all costs and expenses legally chargeable, all the attached personalty, etc., the sheriff may, where defendant gives an undertaking for the purpose of discharging the attachment, retain the property until defendant pays his fees.

Action by James Lawlor against the Magnolia Metal Company. Motion by defendant for an order directing plaintiff to pay the sheriff's fees upon an attachment. Denied.

Constant & Coghill, for plaintiff.
Nichols & Bacon, for defendant.
Tracy, Boardman & Platt, for sheriff.

LAWRENCE, J. The plaintiff obtained an attachment for $35,-710.40, on the ground that the defendant was a foreign corporation. Defendant filed an undertaking, and an order was entered, on the 29th of January, discharging the attachment. No exceptions have been taken to the undertaking, but the sheriff refuses to deliver up the property until his fees are paid for poundage and care of the property; and a motion is now made by the defendant, upon the un-